UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

ANTHONY BOYATT, D/B/A/ BOYATT
DESIGN,

    Plaintiff,

v.

CASE NO.: 2:25-cv-_____

SUMMIT CUSTOM BUILDERS, INC.,
JEREMIAH BOND, GALE FORCE PROPERTY
INVESTMENTS, LLC, and ADAM SALLAZ,

    Defendants.
_____/

## COMPLAINT

**COMES NOW** Plaintiff, Anthony Boyatt d/b/a Boyatt Design ("Boyatt" or "Plaintiff"), for his complaint against Defendants, Summit Custom Builders, Inc. ("Summit"), Jeremiah Bond, Gale Force Property Investments, LLC ("Gale Force"), and Adam Sallaz (collectively, "Defendants"), alleges:

## JURISDICTION AND VENUE

1. Boyatt's claims arise under the copyright laws of the United States, 17 U.S.C. 101 *et. seq.*, (hereinafter the Copyright Act), including, but not limited to, the Digital Millenium Communication Act ("DMCA"), inclusive of 17 U.S.C. § 1203(c)(3)(B).

2. Subject matter and personal jurisdiction are vested in this Court pursuant to 28

U.S.C. 1338. Additionally, this Court has subject matter jurisdiction under 28 U.S.C. 1331 inasmuch as this claim arises under the copyright laws of the United States.

3. Venue in this judicial district is proper pursuant to 28 U.S.C. 1400(a) and 28 U.S.C. 1391(b) and (c).

## THE PARTIES

4. Plaintiff is a citizen of Georgia engaged in the business of designing homes.

5. In addition to designing homes for customers, Plaintiff also markets and sells licenses to use his architectural designs.

6. Defendant, Summit, is a dissolved Domestic Profit Corporation organized under the laws of the State of Georgia, with its prior, principal place of business at P.O. BOX 786, East Ellijay, Georgia 30539.

7. Defendant, Jeremiah Bond, is an individual and citizen of the State of Georgia and is the founder, chairman, officer, owner, manager, and/or other principal of Summit.

8. Defendant, Gale Force, is a dissolved Domestic Limited Liability Company organized under the laws of the State of Georgia, with its prior principal place of business at 95 Treeline Lane, Ellijay, Georgia 30540.

9. Defendant, Adam Sallaz, is an individual and citizen of the State of Georgia and is the founder, chairman, officer, owner, manager, and/or other principal of Gale

Force.

## BACKGROUND FACTS

10. Boyatt is the creator and owner of an original architectural work entitled Plan Number 8403, the Scenic Peeks/Hernandez Lot 25 Deer Crest 9/17/20 plan (the "Work"). A true and correct copy of the architectural drawings depicting the Work is attached hereto and incorporated herein by reference as **Exhibit 1.**

11. Boyatt has complied in all respects with Title 17, U.S.C. § 102, *et seq.,* and all other laws governing federal copyright applicable to the Work and registered the copyrights with the Register of Copyrights at the U.S. Copyright Office. Attached hereto and incorporated by reference as **Composite Exhibit 2** are true and correct copies of the Certificates of Registration for the Work bearing certificate number VA 2-373-889, and certificate number VA-2-382-401.

12. At all relevant times hereto, Boyatt has and continues to be the sole owner of all rights, titles, and interests in and to the aforementioned registrations and Work. Boyatt's copyrights in the above-described Work are presently valid and subsisting, were valid and subsisting from the moment of the Work's creation, and all conditions precedent to the filing of this suit have occurred.

13. It has been Boyatt's custom and business practice to display his copyright management information ("CMI") on his copyrighted Work. Thus, Defendants were on notice that the Work was copyright-protected.

14. Within three (3) years of filing suit, Boyatt discovered that the Defendants infringed Boyatt's copyrights by advertising, designing, creating derivative works, and/or constructing or participating in the construction of a number of residences, including, but not limited to, residences located at (a) 152 Scenic Drive, (b) 897 Faraday Drive, and (c) possibly other residences, all in Ellijay, Georgia (hereinafter referred to collectively as the "Infringing Residences"). All of the Infringing Residences were copied largely from Boyatt's copyrighted Work.

## CAUSES OF ACTION

## COUNT I – NON-WILLFUL COPYRIGHT INFRINGEMENT

15. Boyatt re-alleges and incorporates paragraphs 1 through 14 above as if recited *verbatim*.

16. The Defendants have non-willfully infringed Boyatt's copyrights in and to the Work shown on **Exhibit 1** by scanning, copying, reproducing, distributing, modifying, publishing, creating a derivative work, and/or otherwise using unauthorized copies of said Work within the United States in violation of Title 17.

17. Upon information and belief, the Defendants have benefited from infringements of the Work, while Boyatt has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, goodwill, and dilution in the marketplace; therefore, Boyatt is entitled to injunctive relief, damages, and other relief set forth in Title 17.

## COUNT II – RECKLESS/WILLFUL COPYRIGHT INFRINGEMENT

18. Boyatt re-alleges and incorporates paragraphs 1 through 14 above as if recited *verbatim*.

19. In the alternative to Count I above, the Defendants have recklessly/willfully infringed Boyatt's copyrights in and to the Work shown on **Exhibit 1** by scanning, copying, reproducing, distributing, publishing, creating derivative works, modifying, and/or otherwise using, unauthorized copies of said Work within the United States in violation of Title 17.

20. As is his pattern and practice, Boyatt had clearly marked the Work with his CMI, including, but not limited to his full title block, as well as "© Boyatt Design Corp." within the Work. Boyatt does this to distinguish his Work from the works of others in the field, to provide a way for potential licensees to contact him for purchasing licenses, as well as to ensure that anyone who merely views his Work appreciates that he owns all rights and title in them.

21. Upon information and belief, one or more of the Defendants have benefited from their infringements of the Work, while Boyatt has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace; therefore, Boyatt is entitled to injunctive relief, damages (including disgorgement of Defendants' profits), and other relief set forth in the Act.

## COUNT III – VICARIOUS COPYRIGHT INFRINGEMENT

22. Boyatt re-alleges and incorporates paragraphs 1 through 14 above as if recited *verbatim*.

23. Pleading further but without waiver of the foregoing, in the alternative to the claims made against Jeremiah Bond in Counts I and II above, Boyatt shows while the infringing acts were being performed, Jeremiah Bond was the owner, officer, director, manager, registered agent, and/or other genre of controlling principal of/for Summit.

24. On information and belief, Jeremiah Bond controlled nearly all decisions and activities of Summit and is the dominant influence in the company. Jeremiah Bond provided hands-on decision making with respect to the activities of Summit, making many, if not most, of the decisions. Jeremiah Bond thus had the right and ability to supervise and/or control the infringing conduct of Summit – and of its employees, agents, or servants – and/or to stop the infringements once they began. Additionally, upon information and belief, Jeremiah Bond had an obvious and direct financial interest in the infringing activities of the entity he owned.

25. Accordingly, Jeremiah Bond is personally liable to Boyatt as an infringer or is otherwise vicariously liable for the infringing activities of Summit.

### COUNT IV – VICARIOUS COPYRIGHT INFRINGEMENT

26. Pleading further but without waiver of the foregoing, in the alternative to the claims

made against Adam Sallaz in Counts I and II above, Boyatt shows while the infringing acts were being performed, Adam Sallaz was the owner, officer, director, manager, registered agent, and/or other genre of controlling principal of/for Gale Force.

27. On information and belief, Adam Sallaz controlled nearly all decisions and activities of Gale Force and is the dominant influence in the company. Adam Sallaz provided hands-on decision making with respect to the activities of Gale Force, making many, if not most, decisions. Adam Sallaz thus had the right and ability to supervise and/or control the infringing conduct of Gale Force– and of its employees, agents, or servants – and/or to stop the infringements once they began. Additionally, upon information and belief, Adam Sallaz had an obvious and direct financial interest in the infringing activities of the entity he owned.

28. Accordingly, Adam Sallaz is personally liable to Boyatt as an infringer or is otherwise vicariously liable for the infringing activities of Gale Force.

## COUNT V – CONTRIBUTORY COPYRIGHT INFRINGEMENT

29. Boyatt re-alleges and incorporates paragraphs 1 through 14 above as if recited *verbatim*.

30. In the alternative to the claims made against him in Counts I – III above, Jeremiah Bond has intentionally induced, encouraged, caused, enabled, facilitated, and/or materially contributed to the infringements complained of herein by directly and/or

indirectly promoting the infringements, and/or has refused to exercise his right and/or ability to stop the infringement(s) after they began.

### COUNT VI – CONTRIBUTORY COPYRIGHT INFRINGEMENT

31. Boyatt re-alleges and incorporates paragraphs 1 through 14 above as if recited *verbatim*.

32. In the alternative to the claims made against him in Counts I, II, and IV above, Adam Sallaz has intentionally induced, encouraged, caused, enabled, facilitated, and/or materially contributed to the infringements complained of herein by directly and/or indirectly promoting the infringements, and/or has refused to exercise his right and/or ability to stop the infringement(s) after they began.

### COUNT VII– VIOLATIONS OF DIGITAL MILLENIUM COPYRIGHT ACT

33. Boyatt re-alleges and incorporates paragraphs 1 through 14 above as if recited *verbatim*.

34. As is his pattern and practice, Boyatt clearly marked copies of the Work with his CMI. Boyatt does this to distinguish his works from others, as well as to ensure that people who view his Work appreciate that he owns all rights and title to them. On information and belief, one or all of the Defendants, or third parties at their direction and behest (discovery will reveal which), violated the DMCA by removing Boyatt's CMI.

## CAUSATION/DAMAGES

35. As a result of Defendants' above-described acts of copyright infringement, Boyatt has sustained actual damages in an amount not yet ascertained, but which discovery will illuminate. Such actual damages include, but are not limited to, lost profits and/or lost licensing revenue, disgorgement of the infringers' profits attributable to their infringements, statutory damages including for the DMCA violations; research time tracking down and documenting the infringements, research time tracking down and emailing and calling the infringers, and attorneys' and paralegals' time trying to amicably resolve the matter, and for the drafting, filing, and service of the complaint, citations, waivers of service, and related documents.

## RELIEF REQUESTED

36. Boyatt demands an accounting of the Defendants' activities in connection with their infringements of his copyrights in and to the above-described and attached Work, as well as disgorgement of profits attributable to the infringing activities, as well as all other benefits realized by the Defendants through their infringing activities.

37. Boyatt is entitled to recover and therefore seeks recovery of actual damages, plus all the Defendants' profits attributable to the infringements.

38. Boyatt is also entitled to recover, and therefore seeks the recovery of actual damages plus any additional profits and/or benefits realized by the Defendants through their

violations of the DMCA pursuant to 17 U.S.C. §1203(c)(2).

## DEMAND FOR JURY TRIAL

39. Boyatt demands a jury trial for all claims as provided in Rule 38 of the Federal Rules of Civil Procedure.

## BOYATT DEMANDS JUDGMENT:

40. That Defendants, their agents, employees, and/or servants be enjoined *pendente lite* and permanently from infringing Boyatt's copyrights in any manner whatsoever, and from publishing through any visual media, and from selling, marketing, or otherwise distributing the Work, and from using it in marketing or advertising;

41. That Defendants be required to deliver up, under oath, for impounding during the pendency of this action, and for destruction thereafter, all images of the Work that infringe Boyatt's copyrights, and all prints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all other articles by means of which such infringing copies may be reproduced, which are in the possession or under the direct or indirect;

42. That Defendants provide an accounting of all gains, profits, and advantages derived by them as a result of the willful and unlawful acts of copyright infringement above-described;

43. That Defendants be ordered to pay over to Boyatt his actual damages sustained, in

addition to all their profits attributable to the infringements, and which are not taken into account in computing Boyatt's actual damages incurred as a result of Defendants' copyright infringements described herein, pursuant to 17 U.S.C. §1203(c)(2);

44. That Defendants be permanently enjoined and prohibited from employing, altering, cropping, mutilating, or otherwise utilizing Boyatt's copyrighted Work or its copyright management information in any manner or media whatsoever, pursuant to 17 U.S.C. § 1203(b)(1);

45. That Defendants be ordered to pay Boyatt's reasonable attorney's fees and costs pursuant to 18 U.S.C. §505; *and*

46. That Boyatt recover judgment for such other and further relief as this court deems just and proper, including maximum pre and post judgment interest on all sums due.

WHEREFORE, Plaintiff, ANTHONY BOYATT, demands judgment against all Defendants for all damages to which he is reasonably entitled, costs, attorney's fees, pre-judgment and post-judgment interest, and all other relief the Court deems just and proper.

Dated this 22nd day of July 2025.

By: */s/ Anthony M. Lawhon*
**Lawhon Goggin, LLP**
Anthony M. Lawhon (pro hac vice)
Florida Bar No: 965390
3003 Tamiami Trail North, Suite 200
Naples, Florida 34103

        Jeffrey W. Melcher
        (Designated Local Counsel)
        **Vernis & Bowling of Atlanta, LLC**
        Georgia Bar No.: 501180
        30 Perimeter Park Drive, Suite 200
        Atlanta, GA 30341
        Tonylawhon@lawhon-law.com
        Oliviabauer@lawhon-law.com
        Cathyray@lawhon-law.com
        jmelcher@national-law.com

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D**

I hereby certify that the foregoing document was prepared in Times New Roman, 14-point font, as provided by Local Rule 7.1D.

Dated: July 22, 2025

                /s/ Anthony M. Lawhon
                Anthony M. Lawhon